### The People ex rel. v. Donald McCormick et al.

1. APPEALS—*From Probate—Sec. 14, Ch. 148, R. S.*—Section 14, Chapter 148, R. S., provides that appeals from the County Court, from the order allowing or disallowing any will to probate, may be taken to the Circuit Court by any person interested in such will, in the same time and manner as appeals may be taken from justices of the peace, except that the appeal bond and security may be approved by the clerk of the County Court. Under such provision the relators must, by their petition or otherwise, show themselves to be interested in the will in question.

Mandamus, to grant appeal to Circuit Court.    Error to the Circuit Court of Logan County; the Hon. JOHN H. MOFFETT, Judge presiding.    Heard in this court at the May term, 1902.    Affirmed.    Opinion filed November 1, 1902.

BALDWIN & STRINGER, FRED BALL and LEMON & LEMON, attorneys for plaintiff in error.

BLINN & HARRIS, attorneys for defendants in error.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was a proceeding for mandamus against the defend-

ants in error, county judge and county clerk respectively, for the county of Logan, to compel the county judge to grant the relators an appeal to the Circuit Court from an order of the County Court refusing to admit to probate the will of Martha E. Cornelius, deceased.    The Circuit Court sustained a demurrer to the petition and dismissed it at the cost of the relators and to reverse the judgment this writ of error is prosecuted.

Relators are the trustees for Waynesville Cemetery and in the writing produced as the will of Martha E. Cornelius it is, among other things, provided that when her farm is sold, which she directs, $1,000 is to go to James M. Leeper if he is living; if he is dead it is to go to the improvement of the Waynesville Cemetery.    Upon the hearing the County Court refused to admit the writing to probate as such will, and the relators as such trustees prayed an appeal from such order to the Circuit Court and presented to the judge a sufficient appeal bond for that purpose, but the court refused to grant the appeal and the judge also refused to approve the appeal bond, which the county clerk likewise did, when the same was presented to him.

The statute, section 14, chapter 148, provides that appeals from the County Court, from the order allowing or disallowing any will to probate, may be taken to the Circuit Court by any person interested in such will in the same time and manner as appeals may be taken from justices of the peace, except the appeal bond and security may be approved by the clerk of the County Court.

The only question necessary to a proper decision of this case is, whether relators have shown themselves by their petition, or otherwise in this case, to be interested in the will in question, or whether they have even claimed to be interested therein.    There is no averment in the petition for mandamus that relators are in fact interested in the will, nor that they claim to be interested therein, nor are any facts or circumstances set forth from which it can be inferred they are so interested or claim to be so.    The will itself fails to disclose such interest unless it was averred

that James M. Leeper, to whom the $1,000 is given, was dead, and this the petition does not do, and construing it most strongly against the pleader, it will be inferred he was still living at the time the appeal was prayed.

It is argued, however, that whether relators were interested or not, was a question they had a right to have the Circuit Court pass upon whenever their appeal was perfected. It may be conceded this position is well taken; but in the absence of a statement of the facts from which such interest arises, or a claim of such interest, it is apparent no such interest exists; and there would be nothing for the Circuit Court to decide when no question is presented for such decision. The case of James White Memorial Home et al. v. Price et al., 62 N. E. Rep. 872, is cited in support of this point; but that decision is of no application here. In that case the appeal had been perfected and a trial had in the Circuit Court and its decision was afterward attacked, in a collateral way, upon the ground that the persons who took the appeal had no interest in the will and for such reason the Circuit Court had not jurisdiction; but it was held in the case cited, that the question of interest was one for the court in which an appeal was pending to decide; and inasmuch as it was recited in the appeal bond to that court that appellants claimed an interest in the will, it would be presumed the Circuit Court held that they had such interest, but whether they had or not, the question could not be raised collaterally. In the case presented, the question of interest, or at least a claim of interest, comes up directly and is material; and if the relators made the same showing for an appeal in the County Court as contained in their petition for a mandamus, which in the absence of averment to the contrary will be presumed, and that also it is the best they could do for themselves, the County Court rightfully denied the appeal upon the sole ground relators were not interested in the will.

It follows from what we have said that the judgment of the Circuit Court is right and it will be affirmed.